UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MILES REDMOND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-836 PS |
| | ) | |
| WILLIAM WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Following a confrontation over car keys, Miles Redmond shot Leandre Drake in the back and upper arm. *Redmond v. State*, No. 45A03-0209-CV-291, slip op. at 2-3 (Ind. Ct. App. Apr. 25, 2003) [DE 8-6]. The shot to the back hit Drake's spinal cord paralyzing him from the waist down. *Id*. After firing the shots, Redmond fled the scene, and when Gary Police Detective Daniel Callahan arrived on the scene, he found Drake lying face down in a pool of blood. Drake told the Detective that Redmond had shot him. *Id*. In addition, there were two other eye witnesses who saw Redmond shoot Drake. Two days later, police arrested Redmond who promptly threatened that he "knew who the witnesses were and even if [he] don't [sic] get out, [he'll] tell [his] boys and they will take care of them." (Tr. at 78.)

On November 15, 2001, the State charged Redmond with one count of aggravated battery and one count of battery. The State later amended its charging information to include a charge of attempted murder. Following a trial, the jury found Redmond guilty of all three offenses. At the sentencing hearing, the trial court merged the two battery charges into the attempted murder charge and then sentenced Redmond to a prison term of thirty-two years.

Redmond's convictions were affirmed on direct appeal, and he filed a *pro se* petition to transfer, which was denied. He then filed a *pro se* post-conviction relief petition which was also denied. He appealed that ruling and the Court of Appeals of Indiana affirmed his attempted murder conviction, but remanded with instructions to vacate the aggravated battery and battery convictions. *See Redmond v. State*, No. 45A03-0602-PC-78, 2006 WL 3500961 (Ind. Ct. App. Dec. 6, 2006). Redmond did not file a petition to transfer the denial of his PCR appeal to the Supreme Court of Indiana.

Now Redmond files this habeas corpus petition challenging his conviction for attempted murder. Redmond raises three claims in his petition and four claims in his traverse. Two are the same so there are five claims in all, none of which have been exhausted in state court. Though it would seem that a failure to exhaust would be sufficient in itself to dismiss these claims, *see* 28 U.S.C. § 2254(b)(1)(A), "a district court [is required] to consider whether a stay is appropriate under circumstances . . . where the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Because this proceeding has not tolled the 1-year statute of limitation, the termination of this case will effectively end any chance at federal habeas review. *See* 28 U.S.C. § 2244(d).

The Supreme Court has given some guidance on how district judges should go about determining if using the stay and abeyance procedure is appropriate:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Here, Redmond has not shown good cause for not presenting and/or not exhausting his claims in the state courts. It matters not in any event because the claims have no merit. Beginning with the three claims raised in the petition, Redmond argues that his trial counsel was ineffective in his handling of jury instructions. (Petition at ¶ 12, Ground One [DE 1 at 3].) This is also the second argument in his traverse. In particular, Redmond argues that the jury instructions were vague, "because the jury was not instructed what to do if it did not find each of the particular elements which elevated the level of felony." (Traverse at 7, [DE 14].) In essence, Redmond wanted the jury to be specifically told that these various charges were lesser included offenses and that they could convict him of one without convicting him of all. He postulates that they might have been confused into thinking that they had to convict on all or none.

A petitioner asserting an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984), must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Counsel's performance is deficient when the representation falls below an objective standard of reasonableness under prevailing professional norms. To establish prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Goodman v. Bertrand*, 467 F.3d 1022, 1027 (7th Cir. 2006).

Redmond can show no such thing here. First, Redmond has presented no federal Constitutional requirement necessitating a specific instruction explaining the relationship of lesser included offenses, and this court is aware of none. Jury Instruction No. 2 stated that,

> To each count of the Information in this case, the Defendant has entered a plea of not guilty, which makes it incumbent upon the State of Indiana to prove to

3

>your satisfaction, beyond a reasonable doubt, each and every material allegation of any or all counts of said Information. The burden of proof in a criminal case is upon the State alone and it never shifts to the Defendant.

(Appendix to the Trial Record at 36.)  There were separate jury instructions in this case for each of the three charges setting out the elements of the offenses.  (*See* Jury Instr. No. 3 (Attempted Murder elements); Jury Instr. No. 5 (Aggravated Battery elements); and Jury Instr. No. 6 (Battery elements); Appendix to the Trial Record at 36-40.)  These instructions, makes clear that the defendant could only be found guilty if the State proved every element of an offense.  These instructions further state that the defendant cannot be found guilty if the State has not proven every element.  Though Redmond appears to wish that the instructions had said, "You must acquit if . . ." that is unnecessary.  Finally, given that there were separate verdict sheets for each count, (Appendix to the Trial Record at 49-51), there is no factual basis to his argument that the jury could have been confused into believing that they had to convict him of either all or none of the charges that he faced.  The Indiana Court of Appeals also considered this argument and found it, as I do, unpersuasive.  *See Redmond v. State*, 2006 WL 3500961, at *4-5.

The second claim raised in the petition is that, "[t]he errors raised relative to trial Counsel were evident and should have been presented on Direct Appeal [and] the failure to do some [sic] tainted the appeal and continued this petitioners liberty loss."  (Petition at ¶ 12, Ground Two.)  This is also the third argument in Redmond's traverse.  Redmond argues that his appellate counsel was ineffective for not raising the errors of his trial counsel.  As explained elsewhere in this opinion, his trial counsel was not ineffective, therefore his appellate counsel was not ineffective for not asserting those claims.

The third and final claim raised in the petition is, "[i]neffective jury instruction lead to the denial of the process that is reasonable due this petitioner and as such resulted in an increase loss of liberty." (Petition at ¶ 12, Ground Three.)  This claim is not separately addressed in the traverse, and it is merely a restatement of his first claim.  Rather than being couched in an ineffective assistance of counsel claim, this appears to be a freestanding claim that the jury instructions were flawed.  The petition does not expand on this claim and it is no more viable as an independent claim than it was as the basis for his ineffective assistance of counsel argument.

In the traverse, Redmond presents two claims that he did not address in his petition.  The first argument in his traverse is that his trial counsel was ineffective because he, "conceded in his closing argument to the jury that Redmond committed aggravated battery and simple battery without his consent." (Traverse at 4.)  He argues that this is "the functional equivalent to a forced guilty plea over the objection of the defendant." (Traverse at 5.)  Though not in his habeas corpus petition, he did present this argument in his post-conviction relief petition and in his appeal of its denial. The matter was addressed at the PCR hearing where Redmond's trial counsel testified.  Here is what the lawyer had to say about it:

> You would have either given me what we call implied consent, or you would have told me specifically, see if you can just get the jury to just find me guilty of just the battery, one of the batteries, as long as I beat the attempted murder.
>
> I don't recall from this right now whether or not we had that conversation, but certainly I would have at least had your implied consent.
>
> Now, had you vigorously said no, I don't want to be found guilty of anything, then, of course, we would had to have used another strategy, such as self-defense or alibi, the only two things that come to mind, or perhaps insanity, but there was no question about your mental competence at that time.

5

(Post-Conviction Relief Transcript at 38-39.)  The Indiana Court of Appeals considered and rejected Redmond's argument that his trial counsel was ineffective for essentially conceding the battery charge.  *See Redmond v. State*, 2006 WL 3500961, at *4.  The Court found that trial counsel's choice was a tactical one.  Applying the *Strickland* standard, the Court found that, given the overwhelming evidence of Redmond's guilt – there were three eyewitnesses, it was reasonable for trial counsel to concede the battery charge and then argue that the attempted murder charge was a stretch.  *Id*.  Based on the explanation the lawyer gave at the PCR hearing, even if Redmond were to exhaust this claim, it is not possible for him to demonstrate that the State Court ruling was "an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Nor can he show that this decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. . . ."  28 U.S.C. § 2254(d)(2).  Though Redmond disputes his trial counsel's version of events, that testimony is in the record and it was not unreasonable for the Indiana Courts to have relied on it.

Finally, Redmond's fourth argument in his traverse is that his appellate counsel was ineffective because he did not seek transfer to the Indiana Supreme Court and thereby "left petitioner with a compound burden to face from the procedure default."  (Traverse at 10.)  Redmond does not explain whether this claim is based on his direct appeal or the appeal from the denial of his post-conviction relief petition.  I infer that he must be addressing his direct appeal because he was proceeding *pro se* during his post-conviction relief proceeding, (*see* Post-Conviction Relief Appellate Brief at 3 and 13, [DE 8-9 at 7 and 17]) and because habeas corpus

6

relief is not available for the ineffective assistance of post-conviction relief counsel. *See Steward v. Gilmore*, 80 F.3d 1205, 1212 (7th Cir. 1996).

It is true that in his direct appeal, Redmond's appellate counsel did not file a petition to transfer. But there was no prejudice to Redmond because he personally filed a timely *pro se* petition to transfer on May 19, 2003 [DE 8-3 at 4 and DE 8-7]. Because he filed his own *pro se* petition to transfer, he suffered no prejudice by his counsel's decision not to file the petition.

For the foregoing reasons, the habeas corpus petition is **DENIED**.

**SO ORDERED**.

ENTERED: April 1, 2008

                                        s/ Philip P. Simon
                                        PHILIP P. SIMON, JUDGE
                                        UNITED STATES DISTRICT COURT